UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDREW DAVID LEE,

Plaintiff,

v.

MINNESOTA DEPARTMENT OF PUBLIC SAFETY, DRIVER & VEHICLE SERVICES DIVISION, and STEELE COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Civil No. 00-2104 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff Andrew David Lee's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the IFP application be denied, and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in

FILED SEP 26 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

In this case, Plaintiff is attempting to sue the Minnesota Department of Public Safety, Driver & Vehicle Services Division, (hereafter "the Public Safety Department"), and the Steele County Sheriff's Department, for allegedly depriving him of his constitutional right to travel and to work. He apparently is claiming that Defendants are violating his federal constitutional rights by prohibiting him from operating a motor vehicle on the public roadways of this state without possessing a valid Minnesota driver's license. In the final sentence of his complaint, Plaintiff requests that "the Court uphold my right to travel and right to work so I can exercise these constitutional rights without future interference from the State and Steele County." (Complaint, [Docket No. 1], p. 2.)

The Court finds that even with the benefit of liberal construction, (see Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's complaint fails to state a claim on which relief can be granted. His pleading is clearly defective in several respects.

First, the constitutional right to travel, (see e.g., Dunn v. Blumstein, 405 U.S. 330, 338 (1972) ("freedom to travel throughout the United States has long been recognized as a basic right under the Constitution")), does not preclude states from creating reasonable regulations affecting the use of motor vehicles on public roadways.

---

law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

See Hess v. Pawloski, 274 U.S. 352, 356 (1927) ("[i]n the public interest the State may make and enforce regulations reasonably calculated to promote care on the part of all, residents and non-residents alike, who use its highways"); see also Reitz v. Mealey, 314 U.S. 33, 36 (1941). Federal courts have expressly determined that there simply is no "fundamental 'right to drive.'" Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999); Strong v. Walter, No. 99-35187 (9th Cir. May 4, 2000), 2000 WL 554094 (unpublished decision) (dismissing as frivolous Plaintiff's claim that the State of Alaska "may not require drivers to have a license"). As stated in Knox v. Pcobasco, Civ. A. No. 86-2367 (E.D.Pa. 1986), 1986 WL 6310 at *1: "There is no substantive constitutional right to drive an automobile [citation omitted], and while there is a constitutional right to travel, it does not restrict the State from regulating the use of its roads as a matter of its police powers."

Thus, the Court concludes that the claim Plaintiff is attempting to maintain in this case – i.e., that he is constitutionally entitled to drive on Minnesota's public roadways without a valid driver's license – is not actionable. In fact, his claim is clearly frivolous.

Furthermore, even if Plaintiff's claim were not patently invalid, the Court would still recommend that this action be summarily dismissed, because the Defendants named in Plaintiff's complaint cannot be sued. The Public Safety Department is an agency of the State of Minnesota, and as such, it is immune from suit under the Eleventh Amendment. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). The other named Defendant, "the Steele County Sheriff's Department," does not appear to be a suable legal entity. A sheriff's department is like a municipal police department, which cannot be sued as such. See Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir.

1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are simply departments or subdivisions of the City government"). Thus, the Court finds that neither of the named Defendants could be sued in federal court even if Plaintiff had pleaded a more viable legal claim.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 26th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.